IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                     CASE NO. 1:06-cr-00027-MP-AK

DOMANEK ALLEN WILLIAMS,

    Defendant.

_____/

**O R D E R**

This matter is before the Court on Doc. 229, Defendant's motion to vacate under 28 U.S.C. § 2255, filed on March 17, 2010. The motion stems from Defendant's guilty-plea conviction of one count of conspiracy to distribute more than five kilograms of cocaine and less than 50 kilograms of marijuana, for which Defendant received a 63-month sentence, to run concurrent with any sentence imposed in state court. Doc. 157. Judgment was entered on May 1, 2007, and Defendant did not appeal. Defendant is presently serving a state sentence in the custody of the Florida Department of Corrections at Columbia Correctional Institution, Lake City, Florida. See Doc. 229. In the instant motion, Defendant argues that (1) he does not believe he will receive proper credit on his federal sentence for time served in state custody; (2) his federal conviction and sentence violate Double Jeopardy and his rights to due process and equal protection; and (3) his sentence was improperly enhanced under 21 U.S.C. § 851.

Section 2255 provides:

> (a) A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such

> sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255(a). "A 1-year period of limitation shall apply to a motion under this section."

Id. at § 2255(f). The one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

For purposes of the limitations period, Defendant's conviction became final 10 days after entry of judgment, when the time for filing an appeal expired. See Fed. R. App. P. 4(b)(1)(a), 26(a)(2) (2007). Thus, Defendant's conviction became final on Monday, May 14, 2007.[1] The instant motion was filed almost three years after Defendant's judgment of conviction became final, and therefore Defendant's claims pertaining to his underlying conviction and the imposition of sentence (Claims 2 and 3) are clearly time-barred. There is nothing in the motion that suggests that Defendant would be entitled to the benefit of a different triggering date, nor is

---

[1]Under the version of the Federal Rules of Appellate Procedure in effect at that time, the tenth day of the period for filing an appeal fell on a Sunday, and accordingly Defendant would have had until the following Monday to file an appeal.

there anything that suggests that Defendant would be entitled to equitable tolling of the limitations period.

In Claim 1, Defendant asserts that since the Court ordered Defendant's federal sentence to run concurrent with any state sentence, he is entitled to credit on his federal sentence for time served in state custody. The documents appended to the motion reflect that on February 23, 2010, Defendant submitted a request to the Bureau of Prisons for credit for time served in state custody on his federal sentence. See Doc. 229, exhibits.

The responsibility for executing a federal sentence lies with the Attorney General of the United States, who has delegated such responsibility to the Bureau of Prisons (BOP). See United States v. Lucas, 898 F.2d 1554, 1555-56 (11th Cir. 1990). The BOP has the statutory authority to designate a state institution as the place to serve a federal term of imprisonment pursuant to 18 U.S.C. § 3621(b), which states that "[t]he Bureau may designate any available penal or correctional facility that meets the minimum standards . . . whether maintained by the Federal Government or otherwise . . . that the Bureau determines to be appropriate and suitable[.]" The BOP has promulgated a policy pursuant to which a non-federal institution is designated for service of an inmate's sentence "when it is consistent with the federal sentencing court's intent." BOP Program Statement 5160.05 (2003). To determine such intent, the BOP considers whether the sentencing court has ordered concurrent service in the judgment of conviction. Id. The BOP considers an inmate's request for pre-sentence credit for time spent in state custody as a request for nunc pro tunc designation of a state facility for service of a federal sentence. Id. (citing Barden v. Keohane, 921 F.2d 476 (3rd Cir. 1990)).

This Court's judgment reflects the intent that Defendant's federal sentence be served

concurrent to any state sentence. Doc. 157. Defendant has initiated the process of seeking nunc pro tunc designation of the state prison for service of the federal sentence imposed in May 2007, and it appears that his request is presently pending before the BOP inasmuch as his request is dated February 23, 2010. See Doc. 229, exhibits. If Defendant is dissatisfied with the BOP's resolution of his request and determination of his custody credits, his remedy would be to file a petition pursuant to 28 U.S.C. § 2241 challenging the BOP's execution of his sentence. See, e.g., Bishop v. Reno, 210 F.3d 1295, 1304 n.14 (11th Cir. 2000). Such a petition must be filed in the federal judicial district encompassing the facility where he is incarcerated. Rumsfeld v. Padilla, 542 U.S. 426, 447 (2004). Defendant presently is confined at Columbia Correctional Institution, which is within the jurisdiction of the Middle District of Florida. For these reasons, Defendant's claim pertaining to the BOP's determination of credits on his federal sentence and nunc pro tunc designation are not cognizable in his instant § 2255 motion.

Pursuant to Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, if it "plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion," and it is unnecessary to direct a response to the motion. Accordingly, it is

**ORDERED AND ADJUDGED:**

The motion to vacate under 28 U.S.C. § 2255, Doc. 229, is **DISMISSED.**

**DONE AND ORDERED** this  23rd  day of March, 2010

*s/Maurice M. Paul*
Maurice M. Paul, Senior District Judge